DLD-085                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1004
_____

In re:  ALLIE SPEIGHT,
a/k/a Allie Speights
a/k/a A. H. Speights,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Criminal No. 2:10-cr-00641-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 10, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: January 14, 2013)
_____

OPINION
_____

PER CURIAM

     In April 2012, petitioner Speight pleaded guilty to numerous offenses in the

District Court.  He has not yet been sentenced.  Speight seeks an "emergency writ of

mandamus" to 1) set aside or modify an August 21, 2012 order denying bail pending

sentencing and 2) force his custodian to treat his serious medical condition.  We will deny

the petition.

Mandamus is "an appropriate remedy in extraordinary circumstances only. . . . A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). A mandamus proceeding is not a substitute for a direct appeal. See Helstoski v. Meanor, 442 U.S. 500, 506 (1979).

With regard to Speight's first request, the August order to which he refers was denied *without prejudice* pursuant to its reassertion by counsel. Speight may obtain "reconsideration" of it, in a sense, by having counsel file a motion for bail pursuant to 18 U.S.C. § 3143(a) or (b), as appropriate.[1] Should he be displeased with the outcome, an appeal *may* be available to him under Fed. R. App. P. 9(b). The availability of other avenues of relief counsels against granting the extraordinary writ of mandamus.

With regard to his second request, the denial of medical care is a serious matter. However, the place to address it is not via a petition for mandamus filed in a federal appellate court. Should Speight believe that a serious medical condition is not being appropriately treated, he should pursue his concerns through the internal administrative remedies of the facility.[2]

---

[1] Throughout his submissions, Speight confuses 18 U.S.C. § 3143, which governs his situation, with 18 U.S.C. § 3142, which governs bail for those who have not yet been convicted of their offenses. We note that we considered, and denied, an interlocutory appeal from the denial of pretrial release. See C.A. No. 11-2877 (order entered Oct. 4, 2011).

[2] According to the FDC Philadelphia Admission & Orientation Inmate Handbook, the

Thus, finding neither extraordinary circumstances nor an indisputable right, we will deny this petition for mandamus.

---

facility contains an Administrative Remedy procedure that Speight may utilize if he is concerned about a lack of medical treatment.